UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AGUSTIN CHINO CAMACHO,<br><br>Defendant. | No. 1:99-cr-05293-DAD<br><br>ORDER DENYING DEFENDANT'S <u>MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)</u><br><br>(Doc. No. 340) |

On December 1, 2016, defendant Agustin Chino Camacho filed a *pro se* motion under 18 U.S.C. § 3582(c)(2), seeking a reduction of the sentence previously imposed upon him in this case based upon Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). (Doc. No. 340.) That amendment revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the offense level applicable to many federal drug trafficking offenses. The government has opposed defendant's motion on the basis that, since the drug quantity involved in his offense of conviction was 138,240 kilograms of marijuana, the advisory sentencing guidelines as amended still provide for the same offense level and the same sentencing range as originally calculated in defendant's case. (Doc. No. 344 at 1.)[1] The government's argument is persuasive.

---

[1] On December 2, 2016, the court granted the Federal Defender's Office ninety days to supplement defendant's *pro se* motion or to notify the court that it did not intend to file a supplement. (Doc. No. 341.) On December 20, 2016, the Federal Defender's Office filed notice with the court that it would not file a supplement on defendant's behalf. (Doc. No. 342.)

1

The court will therefore deny defendant's motion for a reduction of sentence under 18 U.S.C. § 3582(c).

Section 3582(c)(2) authorizes district courts to modify a previously imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the U.S. Sentencing Commission promulgated Amendment 782 to the U.S.S.G., which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants. However, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentence pursuant to an amendment to the advisory guidelines is constrained by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

In defendant's case, the presentence report ("PSR") found the amount of controlled substance attributable to him converted to 138,240 kilograms of marijuana. (PSR at 6.) Applying the Drug Quantity Table in § 2D1.1(c)(4) of the 2001 Guidelines Manual then in effect, the PSR found defendant's base offense level to be 38 because "an offense level of 38 is applicable for 30,000 kilograms or more of marijuana." (*Id*. at 6.) The PSR then applied a four-level reduction for defendant's role in the offense and a two-level increase for obstruction of justice, resulting in a total adjusted offense level of 36. (*Id*. at 7–8.) Based upon this total offense level of 36 and a criminal history category of IV, the PSR concluded that the advisory sentencing guidelines called for imposition of a sentence of 262 to 327 months imprisonment. (*Id*. at 14–15.) The PSR recommended that the defendant be sentenced to a term of imprisonment of 262 months, the low end of the advisory sentencing guideline range. (*Id*. at 15.)

On September 23, 2002, the court sentenced defendant to a 210-month term of imprisonment as to both counts one and seven, with those terms to run concurrently. (Doc. Nos.

285, 287.) That sentence resulted from the court declining to impose the two-level increase for obstruction of justice as recommended by the PSR and a finding that defendant's adjusted offense level was 34. (Doc. No. 287 at 7.) The court otherwise adopted the factual findings and guideline application in the PSR. (*Id*.) Consequently, based upon a total offense level of 34 and a criminal history category of IV, the court concluded that defendant's sentencing guidelines range was 210 to 262 months imprisonment and sentenced defendant to the low end of that range. (*Id*.)

Defendant now moves to reduce his sentence. However, as the government points out, Amendment 782 has not reduced the guideline range applicable to defendant since the amount of controlled substance attributable to him converted to 138,240 kilograms of marijuana. Under the amended Drug Quantity Table of U.S.S.G. § 2D1.1, the base offense level for an offense involving more than 90,000 kilograms of marijuana remains at a level 38. After applying the same four-level reduction for defendant's role in the offense, defendant's total adjusted offense level remains 34. At the established criminal history category of IV, defendant's advisory sentencing guideline range continues to call for a sentence of 210 to 262 months in prison, the same as it did prior to the adoption of Amendment 782.

Because the pertinent amendment does not result in a different advisory sentencing guideline range, the defendant is not entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3582(c). *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) ("[A] reduction in the defendant's term of imprisonment . . . is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range [.]").

For all of the reasons set forth above:

1.) Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582 (Doc. No. 340) is denied; and

2.) The Clerk of the Court is directed to close this case as to him.

IT IS SO ORDERED.

Dated: **July 6, 2017**

UNITED STATES DISTRICT JUDGE